

1  WYNNE LAW FIRM
   Edward J. Wynne    (SBN 165819)
   ewynne@wynnelawfirm.com
3  100 Drakes Landing Road Ste. 275
   Greenbrae, CA 94904
4  Telephone: (415) 461-6400
   Facsimile: (415) 461-3900
5

6  Attorneys for Plaintiffs



7

8

9                    UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF CALIFORNIA

10

11  JEFFREY LAPAN, ASHWIN CHANDRA,        Case No.   CV 13 5006
    on behalf of themselves and all others
12  similarly situated,                   COMPLAINT

13                 Plaintiffs,            [CLASS ACTION]

14          v.

15                                        JURY TRIAL DEMANDED

16  PVH CORP.,

17                 Defendant.

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1    Jeffrey Lapan and Ashwin Chandra (collectively, "Plaintiffs") on behalf of themselves

2  and all others similarly situated, alleges as follows:

3                                    **INTRODUCTION**

4       1.      Plaintiffs Jeffrey Lapan and Ashwin Chandra bring this action as a Nationwide

5  Breach of Contract Class on behalf of all current and former employees of PVH Corp.

6  ("Defendant") during the applicable statute of limitation periods of this action for breach of a

7  written contact up to the time this action is certified as a class action who were paid through a

8  payroll card program and charged fees resulting in class members not receiving their wages

9  free and clear from unlawful deductions.

10       2.      Plaintiffs also bring this action as a Nationwide Representative Action on behalf

11  of current and former PVH Corp. employees employed within the last three years who elect to

12  opt-in to this action and who were paid through a payroll card program and charged fees

13  resulting in class members not receiving their wages free and clear from unlawful deductions,

14  not receiving their statutory minimum wage, and not receiving their overtime compensation in

15  violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

16  ("FLSA").

17       3.      Plaintiffs also bring this action as a California-only Sub-Class on behalf of all

18  current and former employees of PVH Corp. within the State of California during the last four

19  years up time the time this case is certified as a class action who were paid through a payroll

20  card program and charged fees resulting in class members not receiving their wages free and

21  clear from unlawful deductions, not receiving their minimum wage, and not receiving their

22  overtime compensation in violation of California law.

23       4.      Plaintiffs also bring this action as a California-only Waiting Time Penalties Sub-

24  Class on behalf of all former California-based employees during the last three years up time

25  this case is certified as a class action who were not timely and properly paid their final wages at

26  time of termination in violation of California Labor Code §§ 201-203.

27       5.      Plaintiffs are unaware of the names and capacities of all defendants who may

28  have caused or contributed to the harms complained of herein, but will seek leave to amend this

1    complaint once their identities become known to Plaintiffs. Upon information and belief,

2    Plaintiffs allege that at all relevant times each defendant was the officer, director, employee,

3    agent, representative, alter ego, joint employer, co-employer, or co-conspirator of each of the

4    other defendants, and has engaged in the conduct alleged herein was in the course and scope of

5    and in furtherance of such relationship.

6        6.      The Nationwide Breach of Contract Class, the Nationwide Representative

7    Action, the California Sub-Class, and the California Waiting Time Penalties Sub-Class are

8    hereafter collectively referred to as the "Class."

9        7.      The individual members of the Class are hereafter collectively referred to as the

10   "Class Members."

11                            **JURISDICTION AND VENUE**

12       8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332

13   and 29 U.S.C. § 216(b) on account of the federal question at issue in this litigation and diversity

14   between the parties.

15       9.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs'

16   state law claims because those claims derive from a common nucleus of operative facts.

17       10.     Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant is subject to

18   personal jurisdiction in this district because it does business in this judicial district. Defendant

19   has not designated a principal place of business in California.

20                                    **PARTIES**

21       11.     Plaintiff Jeffrey Lapan is a resident of the State of California and has been

22   employed by Defendant during the statutory time period covered by this complaint. Plaintiff

23   Lapan was paid through Defendant's payroll card program. Plaintiff Lapan did not receive all

24   of his wages due and owing because he was charged fees associated with the use of

25   Defendant's payroll card.

26       12.     For purposes of the Nationwide Representative Action, Plaintiff Lapan consents

27   in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

28       13.     Plaintiff Ashwin Chandra is a resident of the State of California and was

1  employed by Defendant during the statutory time period covered by this complaint. Plaintiff
2  Chandra was paid through Defendant's payroll card program. Plaintiff Chandra did not receive
3  all of his wages due and owing because he was charged fees associated with the use of
4  Defendant's payroll card. Additionally, Plaintiff Chandra was not timely paid all of his final
5  wages at time of termination.

6  14.    For purposes of the Nationwide Representative Action, Plaintiff Chandra
7  consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

8  15.    At all relevant times during the applicable class period, Defendant PVH Corp. is
9  a publicly traded company with its principal place of business in New York, New York. PVH
10  Corp. is one of the world's largest apparel companies and, as a segment of its business,
11  operates retail stores, principally in outlet malls, under brands such as *Calvin Klein, Tommy*
12  *Hilfiger, Van Heusen, IZOD,* and *G. H. Bass & Co.*

13  16.    Defendant operates nationwide and does business within this judicial district.
14  Defendant employs and has employed, upon information and belief, over one hundred
15  employees in the State of California who were paid through a payroll card and charged a fee
16  during the statutory coverage of this action. Plaintiffs estimate the Nationwide Class to be in
17  excess of the size of the estimated California Class during the relevant statute of limitation
18  periods.

19                          **FACTUAL ALLEGATIONS**

20  17.    As a condition of employment, Defendant informed Plaintiffs and the Class
21  through Defendant's written policies and procedures that they would be paid in accordance
22  with state and federal law. Defendant informed Plaintiffs and the Class that they would be paid
23  their wages free and clear of unlawful deductions. Defendant informed Plaintiffs and the Class
24  that they would be paid their wages promptly at each pay period and they would have
25  immediate access to their wages. Plaintiffs and the Class relied on Defendant's representations
26  in accepting employment with Defendant to their detriment. Plaintiffs and the Class did not
27  agree to have their wages reduced by unlawful deductions or have their receipt of their wages
28  interfered with or delayed.

---
3
COMPLAINT

1    18.    Plaintiffs and the Class were informed by Defendant that it was a companywide
2  policy and practice that they could only be paid through direct deposit or through a payroll
3  card.  Defendant did not give Plaintiffs or the Class the choice of receiving a paper payroll
4  check.

5    19.    Defendant, on a companywide basis, utilized various payroll cards, including the
6  TotalPay payroll card, through its payroll vendor ADP during the statutory coverage of this
7  action.  The TotalPay payroll card is managed by Money Network and licensed by Visa U.S.A.,
8  Inc.  Plaintiffs are informed and believe and thereon allege that ADP has discontinued the
9  TotalPay payroll card as of February 2013 and replaced this payroll card program with the
10  Aline Card.  Defendant continues to utilize the TotalPay payroll card.

11    20.    Because Plaintiffs did not have checking accounts at banking institutions,
12  Plaintiffs were given no choice but to be paid through Defendant's payroll card program.

13    21.    Plaintiffs and the Class performed work for Defendant consistent with the
14  agreement between Plaintiffs and the Class and Defendant.  Plaintiffs and the Class were paid
15  by Defendant on a weekly basis by having additional funds loaded onto their payroll cards.

16    22.    Notwithstanding its written agreement to pay Plaintiffs and the Class in
17  accordance with state and federal law, Defendant's companywide payroll card program charged
18  various fees associated with the use of its payroll card resulting in Plaintiffs and the Class being
19  paid less than what Defendant agreed to pay for their work.  Defendant's reduction in the
20  wages of Plaintiffs and the Class caused Plaintiffs and the Class to be paid less than the
21  statutory minimum wage and statutory overtime compensation for all hours worked.

22    23.    Plaintiffs and the Class could not refuse to pay the fees, negotiate the fee
23  schedule, or in any way modify, amend or delay the types, amounts and frequency of fees
24  charged by Defendant.  The fees for Defendant's payroll card were unilaterally imposed on
25  Plaintiffs and the Class by Defendant.  The fees incurred by Plaintiffs and the Class were
26  automatically withdrawn from their payroll card accounts without their express authorization or
27  consent.

28    24.    Plaintiffs and the Class were forced to incur fees in order to access their wages

1  as a result of Defendant's payroll card such that they were paid less than what Defendant
2  agreed to pay for their work.

3      25.    As a result of Defendant's companywide payroll card program, former
4  employees in California were not timely or properly paid their final wages at time of
5  termination.

6      26.    At some point during statute of limitation periods covered by this action,
7  Defendant caused to be charged various fees for transactions associated with the use of the
8  payroll card including, but not limited to, the following:

9          a.    Monthly Maintenance Fee: $1.50 per month.

10         b.    All ATM Transactions: $1.50 per transaction.

11         c.    ATM Withdrawal at a Non-Networked ATM: $2.00 per withdrawal.

12         d.    ATM Withdrawal at a Networked ATM: $5.00 per withdrawal.

13         e.    Personal Identification Number Point of Sale Transactions: $0.25 per
14               transaction.

15         f.    Over-the-Counter Cash Withdrawal at a Member Bank: $5.00 per
16               withdrawal.

17         g.    Fund Transfer to an Account in the U.S. via ACH: $2.00 per transfer.

18         h.    Call to Automated Phone Service: $0.50 per call after two calls per
19               month.

20         i.    Call to Customer Service Representative: $2.00 per call after one call
21               per month.

22         j.    Web Access Money Transfer: $2.00 after two per month.

23         k.    ATM Balance Inquiry at any ATM: $0.50 per inquiry.

24         l.    ATM Declined Transaction: $0.50 per declined transaction.

25         m.    Debit Card Negative Balance: $10.00 per negative balance transaction.

26         n.    Replacement Card: $6.00 to $30.00 per card.

27         o.    Visa ReadyLink: $0.50 per transaction.

28         p.    Secondary Card Initial Issuance: $2.00 per secondary card.

1          q.    Secondary Card Monthly Maintenance: $1.50 per month and all of the
2               other fees associated with the primary card.

3          r.    Additional Copies of Statement: $1.50 per page.

27. All Class Members were subject to the same fee schedule and terms and conditions of use of Defendant's payroll card program. All Class Members were charged the same types of fees, for the same reason, and in the same amount. Plaintiffs are informed and believe and thereon allege that the fee schedule for Defendant's payroll card was periodically amended during the statutory time periods covered by this action. When the fee schedule was amended, it was amended for all Class Members unilaterally.

28. Evidence reflecting the precise number, amount, and type of fees Plaintiffs and the Class were charged is in the possession of Defendant.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action on behalf of a Nationwide Breach of Contract Class and two California Sub-Classes pursuant to Federal Rule of Civil Procedure 23 and Plaintiffs also bring a Nationwide Representative Action pursuant to the FLSA, 29 U.S.C. 216(b).

30. The members of the classes are so numerous that joinder of all members is impracticable. The exact number of the members of the classes can be determined by reviewing Defendant's records. Plaintiffs are informed and believe and thereon allege that there are thousands of individuals in the Nationwide Class and Nationwide Representative Action.

31. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel that are experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, other class members.

32. A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

1    33.    A class action/collective action is, therefore, superior to other available methods

2    for the fair and efficient adjudication of the controversy. Absent these actions, the class

3    members likely will not obtain redress for their injuries and Defendant will retain the proceeds

4    of its unlawful conduct in failing to follow federal and state law.

5    34.    Even if any individual class member could afford individual litigation against

6    Defendant, it would be unduly burdensome to the judicial system. Centralizing this litigation in

7    one forum will promote judicial economy and parity among the claims of individual members

8    of the Class and provide for judicial consistency.

9    35.    There is a well-defined community of interest in the questions of law and fact

10   affecting the Class as a whole. Questions of law and fact common to each of the Class

11   predominate over any questions affecting solely individual members of the action including,

12   but not limited to, the following:

13                     a.    Whether Defendant's payroll card program, which charged fees and

14                           caused employees to be paid less than what had been agreed to,

15                           constitutes a breach of Defendant's agreement.

16                     b.    Whether Defendant's payroll card program caused employees to not

17                           receive their wages promptly, free and clear, and without discount.

18                     c.    Whether Defendant's payroll card program caused employees to make

19                           less than the statutory minimum wage and/or the statutory overtime

20                           premium.

21                     d.    Whether the fees charged by Defendant's payroll card program

22                           constitutes a willful refusal to pay the wages due and owing.

23                     e.    Whether Defendant withheld the wages of its employees through its

24                           payroll card program.

25                     f.    Whether the fees charged by Defendant's payroll card program

26                           constitutes a secret payment of a lower wage.

27                     g.    Whether Defendant timely and properly paid all of the wages due and

28                           owing to employees at time of termination.

1            h.     Whether Defendant converted the property of its employees by charging

2                 them fees through its payroll card program.

3     36.     The answers to these predominant common questions are equally applicable to

4 all Class Members and are answers that will drive resolution of this litigation.

5     37.     Pursuant to Fed. R. Civ. Pro. 23(a) and (b), Plaintiffs seek to prosecute these

6 claims as a Nationwide Breach of Contract Class on behalf of themselves and the following

7 persons similarly situated:

8
9         All current and former employees PVH Corp. in the United States
        of America who were paid through a payroll card program and
        charged fees at any time from the start of the applicable statutory
10         coverage of this action for breach of a written contact until the time
        this action is certified as a class action.
11

12     38.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a

13 collective action on behalf of:

14         All current and former employees PVH Corp. in the United States
        of America who were paid through a payroll card program and
15         charged fees at any time from three years prior to the filing of this
        action to the time this case is certified as a collective action.
16

17     39.     Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a

18 California-only Sub-Class of on behalf of themselves and the following persons similarly

19 situated:

20         All current and former employees of PVH Corp. within the State of
        California who were paid through a payroll card program and
21         charged fees at any time from four years prior to the filing of this
        action until the time this action is certified as a class action.
22

23     40.     Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a

24 California-only Waiting Time Penalties Sub-Class of on behalf of themselves and the following

25 persons similarly situated:

26         All former employees of PVH Corp. within the State of California
        who were not properly and timely paid their wages at time of
27         termination at any time from three years prior to the filing of this
28         action until the time this action is certified as a class action.

1      41.    Notice of the pendency and any resolution of this action can be provided to
2  Classes by mail, print, and/or internet publication.

3  **COUNT ONE**

4  (Common Law Breach of Contract on behalf of Nationwide Breach of Contract Class)

5      42.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this
6  Complaint as if fully set forth herein.

7      43.    Plaintiffs bring this cause of action for common law breach of a written contract
8  on behalf of themselves and all other members of the Nationwide Breach of Contract Class.

9      44.    As part of the terms and conditions of employment, it was agreed that Defendant
10  would pay Plaintiffs and the Class for all work performed consistent with state and federal law.
11  It was agreed and understood that Defendant would pay their wages free and clear from
12  unlawful deductions.

13      45.    As a part of the terms and conditions of employment, Defendant informed the
14  Plaintiffs and the Class that they would be paid their wages promptly at each pay period
15  without interference and they would have immediate access to their wages.

16      46.    In consideration for being paid in accordance with state and federal laws,
17  Plaintiffs and the Class agreed to perform their duties and responsibilities and Plaintiffs and the
18  Class performed their duties and responsibilities.

19      47.    Plaintiffs and the Class relied on Defendant's representations in accepting
20  employment with Defendant to their detriment. Plaintiffs and the Class did not agree to have
21  their wages reduced by unlawful deductions or have their receipt of their wages interfered,
22  obstructed, or delayed.

23      48.    Plaintiffs and the Class were informed by Defendant that it was a companywide
24  policy and practice that they could only be paid through direct deposit or through a payroll
25  card. Defendant did not give Plaintiffs or the Class the choice of receiving a paper payroll
26  check.

27      49.    Notwithstanding its written agreement to pay Plaintiffs and the Class in
28  accordance with state and federal law, Defendant breached its agreement by imposing its

1  companywide payroll card program on Plaintiffs and the Class which charged fees associated
2  with the use of its payroll card resulting in Plaintiffs and the Class being paid less than what
3  Defendant agreed to pay for their work and resulted in Plaintiffs and the Class being paid less
4  than the statutory minimum wage and statutory overtime compensation. Defendant breached
5  its agreement by unlawfully interfering with, obstructing and delaying Plaintiffs' and the Class'
6  prompt and immediate access to all of their wages due and owing. The terms and conditions of
7  Defendant's payroll card program imposed unreasonable and unlawful interference and
8  obstacles to the prompt and immediate access by Plaintiffs and the Class to their wages due and
9  owing.

10      50.    Plaintiffs and the Class could not refuse to the pay the fees, negotiate the fee
11  schedule, or in any way modify, amend or delay the types, amounts and frequency of fees
12  charged by Defendant. The fees for Defendant's payroll card were unilaterally imposed on
13  Plaintiffs and the Class by Defendant.

14      51.    Defendant's breach of its agreement resulted in Plaintiff and the Class being
15  paid less than what Defendant had promised and resulted in Plaintiff and the Class being paid
16  less than the statutory minimum wage and statutory overtime compensation thereby causing
17  Plaintiff and the Class to be damaged thereby.

18  **COUNT TWO**

19  (Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* on behalf of the
20  Nationwide Representative Action)

21      52.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this
22  Complaint as if fully set forth herein.

23      53.    At all relevant times, Defendant has been, and continues to be, an employer
24  engaged in interstate commerce and/or the production of goods for commerce, within the
25  meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26      54.    At all relevant times, Defendant employed, and/or continues to employ,
27  Plaintiffs and each member of the Nationwide Representative Action within the meaning of the
28  FLSA.

1   55.   As stated above, Defendant had a policy and practice of failing to properly pay
2   wages, free and clear and without reduction, to its employees through its payroll card program.
3   Defendant's reduction in the wages of Plaintiffs and the Class caused Plaintiffs and the Class to
4   be paid less than the statutory minimum wage and statutory overtime compensation for all
5   hours worked.

6   56.   Defendant's failure to pay Plaintiffs and all other members of the Nationwide
7   Representative Action their wages free and clear, without reduction, and at a rate not less than
8   the minimum wage and not less than one and one-half times their regular rate for work
9   performed beyond the 40 hour workweek is in violation of 29 U.S.C. §§ 203, 206, 207.

10   57.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA
11   within the meaning 29 U.S.C. § 255(a).

12   58.   Due to the Defendant's FLSA violations, Plaintiffs, on behalf of the members of
13   the Nationwide Representative Action, are entitled to recover from Defendant unpaid minimum
14   wages, overtime compensation, an additional amount equal as liquidated damages, reasonable
15   attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

16   **COUNT THREE**

17   (Minimum Wage violations on behalf of the California-only Sub Class)

18   59.   Plaintiffs incorporate the allegations contained in the previous paragraphs of this
19   Complaint as if fully set forth herein.

20   60.   Plaintiffs bring this cause of action for statutory minimum wage violations on
21   behalf of the California-only Sub Class.

22   61.   Defendant's companywide payroll card program charged various fees associated
23   with the use of its payroll card resulting in Plaintiffs and the Class being paid less than the
24   statutory minimum wage in violation of California Labor Code §§ 1182.11 and 1182.12.

25   62.   Defendant's failure to pay the statutory minimum wage permits Plaintiffs to
26   bring this action pursuant to California Labor Code § 1194.   Plaintiffs and the Class seek the
27   unpaid balance of the minimum wage, including interest thereon, attorneys' fees and costs.

28   63.   Defendant failure to pay the statutory minimum wage entitles Plaintiffs and the

1  Class to an award of liquidated damages pursuant to California Labor Code § 1194.2 and

2  penalties pursuant to California Labor Code §§ 1197.1 and 1199.

## COUNT FOUR

(Overtime Wage violations on behalf of the California-only Sub Class)

64.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

65.    Plaintiffs bring this cause of action for statutory overtime wage violations on behalf of the California-only Sub Class.

66.    Defendant's companywide payroll card program charged various fees associated with the use of its payroll card resulting in Plaintiffs and the Class being paid less than the statutory overtime wage in violation of California Labor Code § 510.

67.    Defendant's failure to pay the statutory overtime wage permits Plaintiffs to bring this action pursuant to California Labor Code § 1194.   Plaintiffs and the Class seek the unpaid balance of the overtime wage, including interest thereon, attorneys' fees and costs.

68.    Defendant failure to pay the statutory overtime rate entitles Plaintiffs and the Class to an award of penalties pursuant to California Labor Code § 558.

## COUNT FIVE

(Violations of the California Labor Code on behalf of the California-only Sub Class)

69.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

70.    Plaintiffs bring this cause of action for violations of the California Labor Code on behalf of the California-only Sub Class.

71.    As a result of Defendant's companywide payroll card program, Defendant: (a) failed to pay the wages due and owing without discount in violation of Labor Code § 212; (b) willfully refused to pay the wages due and payable in violation of Labor Code § 216; (c) collected and received a part of the wages paid to its employees in violation of Labor Code § 221; (d) secretly paid a lower wage while purporting to pay the wage designated by contract or statute in violation of Labor Code § 223; (e) charged the wages of employees for replacement

1  cards in violation of Labor Code §§ 224, 2802 and 2804; and, (f) failed to maintain and provide
2  employees with accurate and detailed records of wages earned in violation of Labor Code §§
3  226 and 1174.

4      72.    As a result of Defendant's violations of the aforementioned statutes, Plaintiffs
5  and the class are entitled to damages as provided by statute, penalties pursuant to Labor Code
6  §§ 226, 226.3, 1174.5, and interest pursuant to Labor Code § 218.6.

7  **COUNT SIX**

8  (Violations of California Unfair Competition Law, Business & Professions Code § 17200 *et*
9  *seq.* on behalf of the California-only Sub Class)

10      73.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this
11  Complaint as if fully set forth herein.

12      74.    Defendant's payroll card program has caused its employees to not be paid their
13  wages free and clear without reduction, caused its employees not to receive their statutory
14  minimum wage, and caused its employees not to receive their statutory overtime compensation
15  in breach of Defendant's agreement with Plaintiffs and the Class.

16      75.    Defendant's payroll card program has caused its employees to not be paid their
17  wages free and clear without reduction, caused its employees not to receive their statutory
18  minimum wage, and caused its employees not to receive their statutory overtime compensation
19  in violation of the FLSA, 29 U.S.C. §§ 203, 206, 207.

20      76.    Defendant's payroll card program has caused its employees to not be paid their
21  wages free and clear without reduction, caused its employees not to receive their statutory
22  minimum wage, and caused its employees not to receive their statutory overtime compensation
23  in violation of California Labor Code §§ 212, 216, 221, 223, 224, 226, 510, 1174, 1182.11,
24  1182.12, 1194, 2802.

25      77.    As a result of the foregoing, Defendant has engaged in unlawful, unfair and
26  fraudulent conduct and committed acts of unfair competition in violation of California Bus. &
27  Prof. Code § 17200 *et seq.*

28      78.    Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request an order requiring

13
COMPLAINT

1 | Defendant to make restitution of all wages due and interest thereon to the California-only Sub
2 | Class in an amount to be proven at trial.

3 | 79. Plaintiffs, and all persons similarly situated, are further entitled to and do seek a
4 | both a declaration that the above-described business practices are unfair, unlawful and/or
5 | fraudulent and injunctive relief restraining Defendant from engaging in any of such business
6 | practices in the future. Such misconduct by Defendant, unless and until enjoined and restrained
7 | by order of this Court, will cause great and irreparable injury to all members of the class in that
8 | the Defendant will continue to violate state and federal law unless specifically ordered to
9 | comply with same. This expectation of future violations will require current and future
10 | employees to repeatedly and continuously seek legal redress in order to gain compensation to
11 | which they are entitled under California law. Plaintiff has no other adequate remedy at law to
12 | insure future compliance with the laws alleged to have been violated herein.

<strong>COUNT SEVEN</strong>

14 | (Waiting Time Penalties, California Labor Code § 203)

15 | 80. Plaintiffs incorporate the allegations contained in the previous paragraphs of this
16 | Complaint as if fully set forth herein.

17 | 81. Plaintiffs bring this cause of action for waiting time penalties pursuant to
18 | California Labor Code § 203 on behalf of themselves and all other members of the California
19 | Waiting Time Penalty Sub-Class.

20 | 82. Defendant willfully and intentionally failed to pay Plaintiff Chandra and the
21 | other members of the California Waiting Time Penalty Sub-Class, who are no longer employed
22 | by Defendant, all the wages they were due and/or by the deadlines imposed under Labor Code
23 | §§ 201 and 202 upon cessation of the Class Members' employment with Defendant. Plaintiff
24 | and the other members of the California Sub-Class did not secret or absent themselves from
25 | Defendant nor refuse to accept the earned and unpaid wages from Defendant. Accordingly,
26 | Plaintiff and members of the California Sub-Class no longer employed by Defendant are
27 | entitled to waiting time penalties per Labor Code § 203 of up to thirty (30) days' pay, in an
28 | amount to be proven at trial.

1

**COUNT EIGHT**

2

(Conversion on behalf of the California-only Sub Class)

3     83.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this

4  Complaint as if fully set forth herein.

5     84.     Plaintiff brings this cause of action for conversion on behalf of himself and all

6  other members of the California Sub-Class.

7     85.     At the time Defendant refused to pay the wages due to Plaintiffs and the Class,

8  as alleged herein, Plaintiff and the class owned and had the right to possess the withheld wages.

9  Defendant willfully and without legal justification interfered with the rights of Plaintiffs and

10  the Class to own and possess their wages. The amount of those wages is capable of being made

11  certain from a review of the information of Plaintiffs and Class Members and from the records

12  of Defendant.

13     86.     In refusing to pay wages to Plaintiffs and the Class, Defendant unlawfully and

14  intentionally took and converted the property of Plaintiffs and the Class to its own use. At the

15  time the conversion took place Plaintiffs and the Class were entitled to immediate possession of

16  the amounts of wages payable. This conversion was oppressive, malicious and fraudulent.

17  This conversion was concealed by the Defendant from Plaintiffs and the Class.

18     87.     Plaintiffs and the Class have been injured by this conversion and are entitled to:

19  (a) all monies converted by the Defendant with interest thereon; (b) any and all profits whether

20  direct or indirect, the Defendant acquired by its conversion; and, (c) punitive and exemplary

21  damages.

22

**PRAYER FOR RELIEF**

23

WHEREFORE, Plaintiffs prays for:

24     1.     For an order certifying the proposed classes, sub-classes and representative

25  actions;

26     2.     For compensatory and punitive damages and all other statutory remedies

27  permitted;

28     3.     For an injunction and declaratory relief;

1    4.    For penalties as alleged herein;

2    5.    For prejudgment interest;

3    6.    For an order awarding attorneys' fees and costs pursuant to Labor Code § 1194,

4  Code of Civil Procedure § 1021.5, and any other statutory or equitable basis;

5    7.    For equitable restitution of all wages improperly withheld; and,

6    8.    For all other relief as the Court deems just.

7

8

9  Dated: October 23, 2013                           WYNNE LAW FIRM

10

11                                            By:_____
                                                  Edward J. Wynne
12                                                100 Drakes Landing Road, Suite 275
                                                  Greenbrae, CA 94904
13                                                Telephone: 415-461-6400
                                                  Facsimile: 415-461-3900
14                                                *Counsel for Plaintiffs*

15

16                            **JURY DEMAND**

17        Plaintiffs hereby request a jury trial on all issues so triable.

18  Dated: October 23, 2013                           WYNNE LAW FIRM

19

20                                            By:_____
                                                  Edward J. Wynne
21                                                100 Drakes Landing Road, Suite 275
                                                  Greenbrae, CA 94904
22                                                Telephone: 415-461-6400
                                                  Facsimile: 415-461-3900
23                                                *Counsel for Plaintiffs*

24

25

26

27

28