1
2
3
4
5
6
7
8

**WYNNE LAW FIRM**
Edward J. Wynne      (SBN 165819)
ewynne@wynnelawfirm.com
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile:  (415) 461-3900

Attorneys for Plaintiffs

9
10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24

| | |
|---|---|
| JEFFREY LAPAN, ASHWIN CHANDRA, CLAUDIA BLEUS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PVH CORP., TOMMY HILFIGER RETAIL, LLC, PVH RETAIL STORES, LLC, PVH WHOLESALE NEW JERSEY INC., PVH NECKWEAR INC., PVH WHOLESALE CORP., PVH PUERTO RICO, INC., CALVIN KLEIN, INC., TOMMY HILFIGER USA, INC., PVH GUAM, INC., WARNACO, INC., WARNACO U.S., INC., WARNACO GROUP, INC., AND WARNACO SWIMWEAR PRODUCTS, INC. <br><br> Defendants. | **Case No.  5:13-cv-05006-LHK** <br><br> **THIRD AMENDED COMPLAINT** <br><br> [CLASS ACTION] <br><br> JURY TRIAL DEMANDED |

25
26
27
28

Jeffrey Lapan, Ashwin Chandra, and Claudia Bleus (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, alleges as follows:

**INTRODUCTION**

1.      Plaintiffs Jeffrey Lapan, Ashwin Chandra and Claudia Bleus bring this action as a Nationwide Breach of Contract Class on behalf of all current and former employees of PVH Corp., Tommy Hilfiger Retail, LLC, PVH Retail Stores, LLC, PVH Wholesale New Jersey Inc., PVH Neckwear Inc., PVH Wholesale Corp., PVH Puerto Rico, Inc., Calvin Klein, Inc., Tommy Hilfiger USA, Inc., PVH Guam, Inc., Warnaco, Inc., Warnaco U.S., Inc., Warnaco Group, Inc., and Warnaco Swimwear Products, Inc. (collectively "Defendants") during the applicable statute of limitation periods of this action for breach of contact up to the time this action is certified as a class action who were paid through a payroll card program and charged fees resulting in class members not receiving their wages free and clear from unlawful deductions.

2.      Plaintiffs also bring this action as a Nationwide Representative Action on behalf of current and former employees of Defendants' employed within the last three years who elect to opt-in to this action and who were paid through a payroll card program and charged fees resulting in class members not receiving their wages free and clear from unlawful deductions, not receiving their statutory minimum wage, and not receiving their overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

3.      Plaintiffs also bring this action as a California-only Sub-Class on behalf of all current and former employees of Defendants within the State of California during the last four years up time the time this case is certified as a class action who were paid through a payroll card program and charged fees resulting in class members not receiving their wages free and clear from unlawful deductions, not receiving their minimum wage, and not receiving their overtime compensation in violation of California law.

4.      Plaintiffs also bring this action as a California-only Waiting Time Penalties Sub-Class on behalf of all former California-based employees of Defendants during the last three

1  years up time this case is certified as a class action who were not timely and properly paid their

2  final wages at time of termination in violation of California Labor Code §§ 201-203.

3      5.      Plaintiffs are unaware of the names and capacities of all defendants who may

4  have caused or contributed to the harms complained of herein, but will seek leave to amend this

5  complaint once their identities become known to Plaintiffs.  Upon information and belief,

6  Plaintiffs allege that at all relevant times each defendant was the officer, director, employee,

7  agent, representative, alter ego, joint employer, co-employer, or co-conspirator of each of the

8  other defendants, and has engaged in the conduct alleged herein was in the course and scope of

9  and in furtherance of such relationship.

10     6.      The Nationwide Breach of Contract Class, the Nationwide Representative

11 Action, the California Sub-Class, and the California Waiting Time Penalties Sub-Class are

12 hereafter collectively referred to as the "Class."

13     7.      The individual members of the Class are hereafter collectively referred to as the

14 "Class Members."

15                    **JURISDICTION AND VENUE**

16     8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332

17 and 29 U.S.C. § 216(b) on account of the federal question at issue in this litigation and diversity

18 between the parties.

19     9.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs'

20 state law claims because those claims derive from a common nucleus of operative facts.

21     10.     Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants are subject to

22 personal jurisdiction in this district because they does business in this judicial district.

23 Defendants have not designated principal places of business in California.

24                        **PARTIES**

25     11.     Plaintiff Jeffrey Lapan is a resident of the State of California and has been

26 employed by Defendant during the statutory time period covered by this complaint. Plaintiff

27 Lapan was paid through Defendant's payroll card program.  Plaintiff Lapan did not receive all

28 of his wages due and owing because he was charged fees associated with the use of

1    Defendant's payroll card.

2        12.    For purposes of the Nationwide Representative Action, Plaintiff Lapan consents

3    in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

4        13.    Plaintiff Ashwin Chandra is a resident of the State of California and was

5    employed by Defendant during the statutory time period covered by this complaint. Plaintiff

6    Chandra was paid through Defendant's payroll card program.  Plaintiff Chandra did not receive

7    all of his wages due and owing because he was charged fees associated with the use of

8    Defendant's payroll card.  Additionally, Plaintiff Chandra was not timely paid all of his final

9    wages at time of termination.

10       14.    For purposes of the Nationwide Representative Action, Plaintiff Chandra

11   consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

12       15.    Plaintiff Claudia Bleus is a resident of the State of Florida and is employed by

13   Defendant during the statutory time period covered by this complaint. Plaintiff Bleus has been

14   paid through Defendant's payroll card program.  Plaintiff Bleus has not received all of her

15   wages due and owing because she was charged fees associated with the use of Defendant's

16   payroll card.

17       16.    For purposes of the Nationwide Representative Action, Plaintiff Bleus consents

18   in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

19       17.    At all relevant times during the applicable class period, Defendant PVH Corp. is

20   a publicly traded company with its principal place of business in New York, New York.  PVH

21   Corp. is one of the world's largest apparel companies and, as a segment of its business,

22   operates retail stores, principally in outlet malls, under brands such as *Calvin Klein, Tommy*

23   *Hilfiger, Van Heusen, IZOD,* and *G. H. Bass & Co.*

24       18.    Defendant operates nationwide and does business within this judicial district.

25   Defendant employs and has employed, upon information and belief, over one hundred

26   employees in the State of California who were paid through a payroll card and charged a fee

27   during the statutory coverage of this action.  Plaintiffs estimate the Nationwide Class to be in

28   excess of the size of the estimated California Class during the relevant statute of limitation

1  periods.

2       19.    At all relevant times during the applicable class period, Defendant Tommy

3  Hilfiger Retail, LLC is a Delaware limited liability company with its principal place of business

4  in New York, New York.  Tommy Hilfiger Retail, LLC does business throughout the United

5  States including California.

6       20.    At all relevant times during the applicable class period, Defendant PVH Retail

7  Stores, LLC is a Delaware limited liability company with its principal place of business in New

8  York, New York.  PVH Retail Stores, LLC does business throughout the United States

9  including California.

10       21.    At all relevant times during the applicable class period, Defendant PVH

11  Wholesale New Jersey Inc., is a Delaware limited liability company with its principal place of

12  business in New York.

13       22.    At all relevant times during the applicable class period, Defendant PVH

14  Neckwear Inc. is a Delaware limited liability company with its principal place of business in

15  New York.

16       23.    At all relevant times during the applicable class period, Defendant PVH

17  Wholesale Corp., is a Delaware limited liability company with its principal place of business in

18  New York.

19       24.    At all relevant times during the applicable class period, Defendant PVH Puerto

20  Rico, Inc. is a Delaware limited liability company with its principal place of business in Puerto

21  Rico.

22       25.    At all relevant times during the applicable class period, Defendant Calvin Klein,

23  Inc. is a New York limited liability company with its principal place of business in New York.

24       26.    At all relevant times during the applicable class period, Defendant Tommy

25  Hilfiger USA, Inc. is a Delaware limited liability company with its principal place of business

26  in New York.

27       27.    At all relevant times during the applicable class period, Defendant PVH Guam,

28  Inc. is a Delaware limited liability company with its principal place of business in Guam.

28. At all relevant times during the applicable class period, Defendant Warnaco, Inc. is a Delaware limited liability company with its principal place of business in New York.

29. At all relevant times during the applicable class period, Defendant Warnaco U.S., Inc. is a Delaware limited liability company with its principal place of business in New York.

30. At all relevant times during the applicable class period, Defendant Warnaco Group, Inc. is a Delaware limited liability company with its principal place of business in New York.

31. At all relevant times during the applicable class period, Defendant Warnaco Swimwear Products, Inc. is a Delaware limited liability company with its principal place of business in California.

## FACTUAL ALLEGATIONS

32. As a condition of employment, Defendants informed Plaintiffs and the Class through Defendants' human resources and supervisory personnel and through its written policies and procedures as contained in its employee handbook and related material that they would be paid in accordance with state and federal law. Defendants informed Plaintiffs and the Class that they would be paid their wages free and clear of unlawful deductions. Defendants informed Plaintiffs and the Class that they would be paid their wages promptly at each pay period and they would have immediate access to their wages. Plaintiffs and the Class relied on Defendants' representations in accepting employment with Defendants to their detriment. Plaintiffs and the Class did not agree to have their wages reduced by unlawful deductions or have their receipt of their wages interfered with or delayed.

33. Plaintiffs and the Class were informed by Defendants that it was a companywide policy and practice that they could only be paid through direct deposit or through a payroll card. Defendants did not give Plaintiffs or the Class the choice of receiving a paper payroll check.

34. Defendants, on a companywide basis, utilized various payroll cards, including the TotalPay payroll card, through its payroll vendor and agent ADP during the statutory

coverage of this action.  The TotalPay payroll card is managed by Money Network, a subsidiary of First Data Trust Company, LLC, an agent of Defendants, and licensed by Visa U.S.A., Inc.  Plaintiffs are informed and believe and thereon allege that ADP has discontinued the TotalPay payroll card as of February 2013 and replaced this payroll card program with the Aline Card.  Defendants continue to utilize the TotalPay payroll card.

35.    Because Plaintiffs did not have checking accounts at banking institutions, Plaintiffs were given no choice but to be paid through Defendants' payroll card program.

36.    Plaintiffs and the Class performed work for Defendants consistent with the agreement between Plaintiffs and the Class and Defendants.  Plaintiffs and the Class were paid by Defendants on a weekly basis by having additional funds loaded onto their payroll cards.

37.    Notwithstanding its written and oral agreement to pay Plaintiffs and the Class in accordance with state and federal law, Defendants' companywide payroll card program charged various fees associated with the use of its payroll card resulting in Plaintiffs and the Class being paid less than what Defendants agreed to pay for their work.  Defendants' reduction in the wages of Plaintiffs and the Class caused Plaintiffs and the Class to be paid less than the statutory minimum wage and statutory overtime compensation for all hours worked.

38.    Plaintiffs and the Class could not refuse to pay the fees, negotiate the fee schedule, or in any way modify, amend or delay the types, amounts and frequency of fees charged by Defendants and their agents.  The fees for Defendants' payroll card were unilaterally imposed on Plaintiffs and the Class by Defendants and their agents.  The fees incurred by Plaintiffs and the Class were automatically withdrawn from their payroll card accounts without their express authorization or consent.

39.    Plaintiffs and the Class were forced to incur fees in order to access their wages as a result of Defendants' payroll card such that they were paid less than what Defendants agreed to pay for their work.

40.    As a result of Defendants' companywide payroll card program, former employees in California were not timely or properly paid their final wages at time of termination.

41.     At some point during statute of limitation periods covered by this action, Defendants caused to be charged various fees for transactions associated with the use of the payroll card including, but not limited to, the following:

    a.      Monthly Maintenance Fee:  $1.50 per month.

    b.      All ATM Transactions:  $1.50 per transaction.

    c.      ATM Withdrawal at a Non-Networked ATM:  $2.00 per withdrawal.

    d.      ATM Withdrawal at a Networked ATM:  $5.00 per withdrawal.

    e.      Personal Identification Number Point of Sale Transactions:  $0.25 per transaction.

    f.      Over-the-Counter Cash Withdrawal at a Member Bank:  $5.00 per withdrawal.

    g.      Fund Transfer to an Account in the U.S. via ACH:  $2.00 per transfer.

    h.      Call to Automated Phone Service:  $0.50 per call after two calls per month.

    i.      Call to Customer Service Representative:  $2.00 per call after one call per month.

    j.      Web Access Money Transfer:  $2.00 after two per month.

    k.      ATM Balance Inquiry at any ATM:  $0.50 per inquiry.

    l.      ATM Declined Transaction:  $0.50 per declined transaction.

    m.      Debit Card Negative Balance:  $10.00 per negative balance transaction.

    n.      Replacement Card:  $6.00 to $30.00 per card.

    o.      Visa ReadyLink:  $0.50 per transaction.

    p.      Secondary Card Initial Issuance:  $2.00 per secondary card.

    q.      Secondary Card Monthly Maintenance:  $1.50 per month and all of the other fees associated with the primary card.

    r.      Additional Copies of Statement:  $1.50 per page.

42.     All Class Members were subject to the same fee schedule and terms and conditions of use of Defendants' payroll card program.  All Class Members were charged the

1    same types of fees, for the same reason, and in the same amount.  Plaintiffs are informed and

2    believe and thereon allege that the fee schedule for Defendants' payroll card was periodically

3    amended during the statutory time periods covered by this action.  When the fee schedule was

4    amended, it was amended for all Class Members unilaterally.

5          43.      Evidence reflecting the precise number, amount, and type of fees Plaintiffs and

6    the Class were charged is in the possession of Defendants and their agents.

7          44.      On April 15, 2014, the California Labor Workforce Development Agency and

8    PVH Corp. were provided notice of Plaintiffs' intent to add an allegation under the Private

9    Attorneys General Act of 2004, California Labor Code §§ 2699 *et seq*.  A true and correct copy

10    of the certified notice is marked and attached hereto.  The LWDA did not respond to the notice

11    within 33 days of service.

12                          **CLASS  ACTION ALLEGATIONS**

13          45.      Plaintiffs bring this action on behalf of a Nationwide Breach of Contract Class

14    and two California Sub-Classes pursuant to Federal Rule of Civil Procedure 23 and Plaintiffs

15    also bring a Nationwide Representative Action pursuant to the FLSA, 29 U.S.C. 216(b).

16          46.      The members of the classes are so numerous that joinder of all members is

17    impracticable.   The exact number of the members of the classes can be determined by

18    reviewing Defendants' records.  Plaintiffs are informed and believe and thereon allege that

19    there are thousands of individuals in the Nationwide Class and Nationwide Representative

20    Action.

21          47.      Plaintiffs will fairly and adequately protect the interests of the Class and have

22    retained counsel that are experienced and competent in class action and employment litigation.

23    Plaintiffs have no interests that are contrary to, or in conflict with, other class members.

24          48.      A class action/collective action suit, such as the instant one, is superior to other

25    available means for fair and efficient adjudication of this lawsuit.  The damages suffered by

26    individual members of the Class may be relatively small when compared to the expense and

27    burden of litigation, making it virtually impossible for members of the Class to individually

28    seek redress for the wrongs done to them.

49.     A class action/collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.   Absent these actions, the class members likely will not obtain redress for their injuries and Defendants will retain the proceeds of their unlawful conduct in failing to follow federal and state law.

50.     Even if any individual class member could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.  Centralizing this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

51.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.   Questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action including, but not limited to, the following:

        a.     Whether Defendants' payroll card program, which charged fees and caused employees to be paid less than what had been agreed to, constitutes a breach of Defendants' agreement.

        b.     Whether Defendants' payroll card program caused employees to not receive their wages promptly, free and clear, and without discount.

        c.     Whether Defendants' payroll card program caused employees to make less than the statutory minimum wage and/or the statutory overtime premium.

        d.     Whether the fees charged by Defendants' payroll card program constitute a willful refusal to pay the wages due and owing.

        e.     Whether Defendants withheld the wages of their employees through their payroll card program.

        f.     Whether the fees charged by Defendants' payroll card program constitute a secret payment of a lower wage.

        g.     Whether Defendants timely and properly paid all of the wages due and owing to employees at time of termination.

h.     Whether Defendants through their agents converted the property of their employees by charging them fees through its payroll card program.

52.    The answers to these predominant common questions are equally applicable to all Class Members and are answers that will drive resolution of this litigation.

53.    Pursuant to Fed. R. Civ. Pro. 23(a) and (b), Plaintiffs seek to prosecute these claims as a Nationwide Breach of Contract Class on behalf of themselves and the following persons similarly situated:

> All current and former employees of Defendants in the United States of America who were paid through a payroll card program and charged fees at any time from four years prior to the filing of this action until the time this action is certified as a class action.

54.    Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

> All current and former employees of Defendants in the United States of America who were paid through a payroll card program and charged fees at any time from three years prior to the filing of this action to the time this case is certified as a collective action.

55.    Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a California-only Sub-Class of on behalf of themselves and the following persons similarly situated:

> All current and former employees of Defendants within the State of California who were paid through a payroll card program and charged fees at any time from four years prior to the filing of this action until the time this action is certified as a class action.

56.    Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a California-only Waiting Time Penalties Sub-Class of on behalf of themselves and the following persons similarly situated:

All former employees of Defendants within the State of California who were not properly and timely paid their wages at time of termination at any time from three years prior to the filing of this action until the time this action is certified as a class action.

57.     Notice of the pendency and any resolution of this action can be provided to Classes by mail, print, and/or internet publication.

## COUNT ONE

(Common Law Breach of Contract on behalf of Nationwide Breach of Contract Class)

58.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59.     Plaintiffs bring this cause of action for common law breach of contract on behalf of themselves and all other members of the Nationwide Breach of Contract Class.

60.     As part of the terms and conditions of employment, it was agreed that Defendants would pay Plaintiffs and the Class for all work performed consistent with state and federal law.  It was agreed and understood that Defendants would pay their wages free and clear from unlawful deductions.

61.     As a part of the terms and conditions of employment, Defendants, orally and in writing, informed the Plaintiffs and the Class through Defendants' human resources and supervisory personnel and through its written policies and procedures as contained in its employee handbook and related material that they would be paid their wages promptly at each pay period without interference and they would have immediate access to their wages.

62.     In consideration for being paid in accordance with state and federal laws, Plaintiffs and the Class agreed to perform their duties and responsibilities and Plaintiffs and the Class performed their duties and responsibilities.

63.     Plaintiffs and the Class relied on Defendants' representations in accepting employment with Defendants to their detriment.  Plaintiffs and the Class did not agree to have their wages reduced by unlawful deductions or have their receipt of their wages interfered, obstructed, or delayed.

64.     Plaintiffs and the Class were informed by Defendants that it was a companywide policy and practice that they could only be paid through direct deposit or through a payroll card.  Defendants did not give Plaintiffs or the Class the choice of receiving a paper payroll check.

65.     Notwithstanding its agreement to pay Plaintiffs and the Class in accordance with state and federal law, Defendants breached their agreement by imposing companywide payroll card program on Plaintiffs and the Class which charged fees associated with the use of a payroll card resulting in Plaintiffs and the Class being paid less than what Defendants agreed to pay for their work and resulted in Plaintiffs and the Class being paid less than the statutory minimum wage and statutory overtime compensation.   Defendants breached their agreements by unlawfully interfering with, obstructing and delaying Plaintiffs' and the Class' prompt and immediate access to all of their wages due and owing.   The terms and conditions of Defendants' payroll card program imposed unreasonable and unlawful interference and obstacles to the prompt and immediate access by Plaintiffs and the Class to their wages due and owing.

66.     Plaintiffs and the Class could not refuse to the pay the fees, negotiate the fee schedule, or in any way modify, amend or delay the types, amounts and frequency of fees charged by Defendants.  The fees for Defendants' payroll card were unilaterally imposed on Plaintiffs and the Class by Defendants.

67.     Defendants' breach of their agreement resulted in Plaintiffs and the Class being paid less than what Defendants had promised and resulted in Plaintiffs and the Class being paid less than the statutory minimum wage and statutory overtime compensation thereby causing Plaintiffs and the Class to be damaged thereby.

## COUNT TWO

(Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* on behalf of the

Nationwide Representative Action)

68.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

69.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

70.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each member of the Nationwide Representative Action within the meaning of the FLSA.

71.     As stated above, Defendants had a policy and practice of failing to properly pay wages, free and clear and without reduction, to their employees through their payroll card program.  Defendants' reduction in the wages of Plaintiffs and the Class caused Plaintiffs and the Class to be paid less than the statutory minimum wage and statutory overtime compensation for all hours worked.

72.     Defendants' failure to pay Plaintiffs and all other members of the Nationwide Representative Action their wages free and clear, without reduction, and at a rate not less than the minimum wage and not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek is in violation of 29 U.S.C. §§ 203, 206, 207.

73.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

74.     Due to the Defendants' FLSA violations, Plaintiffs, on behalf of the members of the Nationwide Representative Action, are entitled to recover from Defendants unpaid minimum wages, overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**COUNT THREE**

(Minimum Wage violations on behalf of the California-only Sub Class)

75.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

76.     Plaintiffs bring this cause of action for statutory minimum wage violations on behalf of the California-only Sub Class.

77.     Defendants' companywide payroll card program charged various fees associated

1   with the use of their payroll card resulting in Plaintiffs and the Class being paid less than the

2   statutory minimum wage in violation of California Labor Code §§ 1182.11 and 1182.12.

3          78.    Defendants' failure to pay the statutory minimum wage permits Plaintiffs to

4   bring this action pursuant to California Labor Code § 1194.   Plaintiffs and the Class seek the

5   unpaid balance of the minimum wage, including interest thereon, attorneys' fees and costs.

6          79.    Defendants' failure to pay the statutory minimum wage entitles Plaintiffs and

7   the Class to an award of liquidated damages pursuant to California Labor Code § 1194.2 and

8   penalties pursuant to California Labor Code §§ 1197.1 and 1199.

9                         **COUNT FOUR**

10       (Overtime Wage violations on behalf of the California-only Sub Class)

11          80.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

12   Complaint as if fully set forth herein.

13          81.    Plaintiffs bring this cause of action for statutory overtime wage violations on

14   behalf of the California-only Sub Class.

15          82.    Defendants' companywide payroll card program charged various fees associated

16   with the use of their payroll card resulting in Plaintiffs and the Class being paid less than the

17   statutory overtime wage in violation of California Labor Code § 510.

18          83.    Defendants' failure to pay the statutory overtime wage permits Plaintiffs to

19   bring this action pursuant to California Labor Code § 1194.   Plaintiffs and the Class seek the

20   unpaid balance of the overtime wage, including interest thereon, attorneys' fees and costs.

21          84.    Defendants' failure to pay the statutory overtime rate entitles Plaintiffs and the

22   Class to an award of penalties pursuant to California Labor Code § 558.

23                         **COUNT FIVE**

24     (Violations of the California Labor Code on behalf of the California-only Sub Class)

25          85.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

26   Complaint as if fully set forth herein.

27          86.    Plaintiffs bring this cause of action for violations of the California Labor Code

28   on behalf of the California-only Sub Class.

87.     As a result of Defendants' companywide payroll card program, Defendants: (a) failed to pay the wages due and owing without discount in violation of Labor Code § 212; (b) willfully refused to pay the wages due and payable in violation of Labor Code § 216; (c) collected and received, or caused through its agents to be collected and received, a part of the wages paid to their employees in violation of Labor Code § 221; (d) secretly paid a lower wage while purporting to pay the wage designated by contract or statute in violation of Labor Code § 223; (e) charged or caused to be charged through their agents, the wages of employees for replacement cards in violation of Labor Code §§ 224, 2802 and 2804; and, (f) failed to maintain and provide employees with accurate and detailed records of wages earned in violation of Labor Code §§ 226 and 1174.

88.     As a result of Defendants' violations of the aforementioned statutes, Plaintiffs and the Class are entitled to damages as provided by statute, penalties pursuant to Labor Code §§ 226, 226.3, 1174.5, attorney fees and costs pursuant to Labor Code § 218.5, and interest pursuant to Labor Code § 218.6.

## COUNT SIX

(Violations of California Unfair Competition Law, Business & Professions Code § 17200 *et seq.* on behalf of the California-only Sub Class)

89.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

90.     Defendants' payroll card program has caused their employees to not be paid their wages free and clear without reduction, caused their employees not to receive their statutory minimum wage, and caused their employees not to receive their statutory overtime compensation in breach of Defendants' agreement with Plaintiffs and the Class.

91.     Defendants' payroll card program has caused their employees to not be paid their wages free and clear without reduction, caused their employees not to receive their statutory minimum wage, and caused their employees not to receive their statutory overtime compensation in violation of the FLSA, 29 U.S.C. §§ 203, 206, 207.

92.     Defendants' payroll card program has caused their employees to not be paid

1   their wages free and clear without reduction, caused their employees not to receive their

2   statutory minimum wage, and caused their employees not to receive their statutory overtime

3   compensation in violation of California Labor Code §§ 212, 216, 221, 223, 224, 226, 510,

4   1174, 1182.11, 1182.12, 1194, 2802.

5       93.     As a result of the foregoing, Defendants have engaged in unlawful, unfair and

6   fraudulent conduct and committed acts of unfair competition in violation of California Bus. &

7   Prof. Code § 17200 *et seq*.

8       94.     Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request an order requiring

9   Defendants to make restitution of all wages due and interest thereon to the California-only Sub

10  Class in an amount to be proven at trial.

11      95.     Plaintiffs, and all persons similarly situated, are further entitled to and do seek a

12  both a declaration that the above-described business practices are unfair, unlawful and/or

13  fraudulent and injunctive relief restraining Defendants from engaging in any of such business

14  practices in the future.   Such misconduct by Defendants, unless and until enjoined and

15  restrained by order of this Court, will cause great and irreparable injury to all members of the

16  Class in that the Defendants will continue to violate state and federal law unless specifically

17  ordered to comply with same.   This expectation of future violations will require current and

18  future employees to repeatedly and continuously seek legal redress in order to gain

19  compensation to which they are entitled under California law.   Plaintiffs have no other

20  adequate remedy at law to insure future compliance with the laws alleged to have been violated

21  herein.

22                      **<u>COUNT SEVEN</u>**

23           (Waiting Time Penalties, California Labor Code § 203)

24      96.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this

25  Complaint as if fully set forth herein.

26      97.     Plaintiffs bring this cause of action for waiting time penalties pursuant to

27  California Labor Code § 203 on behalf of themselves and all other members of the California

28  Waiting Time Penalty Sub-Class.

98.     Defendants willfully and intentionally failed to pay Plaintiff Chandra and the other members of the California Waiting Time Penalty Sub-Class, who are no longer employed by Defendants, all the wages they were due and/or by the deadlines imposed under Labor Code §§ 201 and 202 upon cessation of the Class Members' employment with Defendants.  Plaintiff and the other members of the California Sub-Class did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants.  Accordingly, Plaintiff and members of the California Sub-Class no longer employed by Defendants are entitled to waiting time penalties per Labor Code § 203 of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT EIGHT

(Conversion on behalf of the California-only Sub Class)

99.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

100.     Plaintiffs bring this cause of action for conversion on behalf of themselves and all other members of the California Sub-Class.

101.     At the time Defendants failed to pay the wages due to Plaintiffs and the Class, as alleged herein, Plaintiffs and the class owned and had the right to possess the withheld wages. Defendants through their agents willfully and without legal justification interfered with the rights of Plaintiffs and the Class to own and possess their wages.  The amount of those wages is capable of being made certain from a review of the information of Plaintiffs and Class Members and from the records of Defendants and their agents.

102.     In failing to pay wages to Plaintiffs and the Class, Defendants unlawfully and intentionally caused the property of Plaintiffs and the Class to be taken and converted to Defendants' agents' own use with the knowledge and consent of Defendants.  At the time the conversion took place, Plaintiffs and the Class were entitled to immediate possession of the amounts of wages payable.  This conversion was oppressive, malicious and fraudulent.  This conversion was concealed by the Defendants and their agents from Plaintiffs and the Class.

103.     Plaintiffs and the Class have been injured by this conversion and are entitled to:

(a) all monies converted by the Defendants' agents with interest thereon; (b) any and all profits whether direct or indirect, the Defendants' agents acquired by their conversion; and, (c) punitive and exemplary damages.

## COUNT NINE

(Violations of California Labor Code § 2699 et seq. on behalf of the California-only Sub Class)

104.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

105.    As alleged herein, Defendants failed to pay all wages due and owing to Plaintiffs and the Class.  California Labor Code § 210 provides penalties for a failure to pay all wages due and owing.

106.    As alleged herein, Defendants unlawfully withheld and/or caused to be withheld the wages due to Plaintiffs and the Class.  California Labor Code § 225.5 provides penalties for unlawfully withholding wages.

107.    As alleged herein, Defendants failed to provide accurate itemized wages statements in writing to Plaintiffs and the Class.  California Labor Code § 226.3 provides penalties for the failure to provide accurate itemized wages statements in writing.

108.    As alleged herein, Defendants failed to pay Plaintiffs and the Class their minimum wages.  California Labor Code § 1197.1 provides penalties for the failure to pay minimum wages.

109.    As alleged herein, Defendants failed to pay all wages due including overtime wages and violated the IWC orders applicable to Defendant's industry.  California Labor Code § 558 provides penalties for the failure to pay all wages due and violations of the IWC wage orders.

110.    Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004, Plaintiffs bring this action on behalf of themselves and on behalf of other aggrieved current and former employees against Defendants and seek recovery of applicable civil penalties as follows:

a.      where civil penalties are specifically provided in the Labor Code for each of the

violations alleged herein, Plaintiffs seek recovery of such penalties;

b.       where civil penalties are not established in the Labor Code for each of the violations alleged herein, Plaintiffs seek recovery of the penalties established in § 2699(e) of the Labor Code Private Attorneys General Act of 2004, and in accordance with § 200.5 of the Labor Code.

111.     Pursuant to California Labor Code § 2699(g), Plaintiffs seek an award of reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

1.       For an order certifying the proposed classes, sub-classes and representative actions;

2.       For compensatory and punitive damages and all other statutory remedies permitted;

3.       For an injunction and declaratory relief;

4.       For penalties as alleged herein;

5.       For prejudgment interest;

6.       For an order awarding attorneys' fees and costs pursuant to Labor Code §§ 218.5, 1194, and 2699, Code of Civil Procedure § 1021.5, 29 U.S.C. § 216(b), and any other statutory or equitable basis;

7.       For equitable restitution of all wages improperly withheld; and,

8.       For all other relief as the Court deems just.

Dated:  March 26, 2015                              **WYNNE LAW FIRM**

By:____/s/Edward J. Wynne_____
          Edward J. Wynne
          100 Drakes Landing Road, Suite 275
          Greenbrae, CA 94904
          Telephone: 415-461-6400
          Facsimile: 415-461-3900
          *Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

Dated:  March 26, 2015                    **WYNNE LAW FIRM**

                                  By:   /s/Edward J. Wynne
                                        Edward J. Wynne
                                        100 Drakes Landing Road, Suite 275
                                        Greenbrae, CA 94904
                                        Telephone: 415-461-6400
                                        Facsimile: 415-461-3900
                                        *Counsel for Plaintiffs*