# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAPAN, ASHWIN CHANDRA, CLAUDIA BLEUS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PVH CORP., TOMMY HILFIGER RETAIL, LLC, PVH RETAIL STORES, LLC, PVH WHOLESALE NEW JERSEY INC., PVH NECKWEAR INC., PVH WHOLESALE CORP., PVH PUERTO RICO, INC., CALVIN KLEIN, INC., TOMMY HILFIGER USA, INC., PVH GUAM, INC., WARNACO, INC., WARNACO U.S., INC., WARNACO GROUP, INC., AND WARNACO SWIMWEAR PRODUCTS, INC.<br><br>Defendants. | Case No. 13-CV-05006-LHK<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br><br><br>Date: August 6, 2015<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor<br>Hon. Lucy H. Koh |

The Motion for Preliminary Approval of a Class Action Settlement ("Motion") came on for hearing before the Honorable Lucy H. Koh on August 6, 2015, in Courtroom 8 of the United States District Court, Northern District of California, 280 South First Street, San Jose, California. The Court, having considered the papers submitted in support of the Motion and good cause having been found, HEREBY ORDERS THE FOLLOWING:

1. The Court grants preliminary approval of the Settlement based upon the terms set forth in the "Joint Stipulation of Class Action Settlement and Release" (the "Joint Stipulation"), ECF No. 85-1, and as set forth in this Order. Capitalized terms in this Order shall have the definitions set forth in the Joint Stipulation.

2. The Court finds that the standards for certification under Fed. R. Civ. P. 23 and conditional certification under 29 U.SC. § 216(b) are satisfied for the reasons set forth in the moving papers. Accordingly, the Court hereby preliminarily certifies the following Settlement Classes:

   a. **Nationwide Settlement Class:** All current and former employees who worked for Defendants in the U.S. and U.S. territories, other than California, from October 25, 2009, through the date of preliminary approval and who were paid wages at any time via the Payroll Distribution Service.

   b. **FLSA Settlement Class:** All current and former non-exempt employees who worked for Defendants in the U.S. and U.S. territories, other than California, from October 25, 2010, through the date of preliminary approval and who were paid wages at any time via the Payroll Distribution Service.

   c. **California Class:** This class consists of both (a) all current and former employees who worked for Defendants in California from July 17, 2014, through the date of preliminary approval by the Court and who were paid wages at any time after July 17, 2014, via the Payroll Distribution Service, and (b) all current and former employees who worked for Defendants in California from March 20, 2009, through the date of preliminary approval, who were paid

1 | wages at any time via the Payroll Distribution Service, and who affirmatively opted-out of the settlement in *Chavez v. PVH Corp., et al.*, N.D. Cal. Case No. 13-01797.

3. The Court hereby preliminarily determines that the Settlement set forth in the Joint Stipulation falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing. It appears to the Court that substantial investigation and research have been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement will avoid substantial additional costs by all Parties, as well as the delay and risk that would be presented by further prosecution of the Litigation. It further appears to the Court that the proposed settlement that has been reached is the result of intensive, serious, non-collusive, arm's-length negotiations.

4. **In the sentence describing the *Lopez v. PVH Corp.* litigation in the Class Notices, the parties must insert a space between "PVH" and "Corp."** Subject to correction of this typographical error, the Court approves, as to form and content and as agreed to by the Parties, the Summary Notice, the Class Notices, and the Claim Forms in substantially the forms attached to the Joint Stipulation as Exhibits 1-5, respectively, with the amendments ordered by the Court at the August 6, 2015 preliminary approval hearing. The Court finds that these documents fairly and adequately apprise Settlement Class Members of their rights under the Settlement.

5. The Court directs the mailing of the Summary Class Notice and the creation of an interactive, password-protected website to make available the Class Notices and the Claim Forms in accordance with the schedule and procedures set forth in the Joint Stipulation. The Court finds that the dates and method selected for the mailing and publication of the Summary Class Notice, Class Notices and Claim Forms, as set forth in the Joint Stipulation, meet the requirements of due process and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

6. The Claims Administrator shall be Rust Consulting 625 Marquette Avenue,

Suite 880 Minneapolis, MN 55402.

7. The Court finds that Wynne Law Firm has adequately represented the Settlement Classes and is preliminarily appointed as Class Counsel.

8. For settlement purposes only, the Court finds that Plaintiffs Jeffrey Lapan, Ashwin Chandra and Claudia Bleus ("Plaintiffs") are adequate representatives of the Settlement Classes and preliminarily appoints them as such.

9. A Final Approval Hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class is scheduled for 1:30 p.m. on January 21, 2016 in Courtroom 8 of the United States District Court, Northern District of California, 280 South First Street, San Jose, California. The purpose of such hearing will be to: (a) determine whether the Joint Stipulation should be finally approved by the Court as fair, reasonable and adequate; (b) determine the reasonableness of Class Counsel's request for attorneys' fees and costs; (c) determine the reasonableness of the class representatives enhancement fees; (d) confirm appointment of Class Counsel and the class representatives; and (e) order entry of Judgment in the Litigation. The date for the Final Approval Hearing may be continued or adjourned by order of the Court without further notice to members of the Settlement Class, with the exception that Class Counsel shall provide notice to those Settlement Class Members who have filed timely Notices of Objection.

Dated: August 7, 2015

*Lucy H. Koh*

Hon. Lucy H. Koh
United States District Court
Northern District of California