**WYNNE LAW FIRM**
Edward J. Wynne        (165819)
ewynne@wynnelawfirm.com
J.E.B. Pickett            (154294)
jebpickett@wynnelawfirm.com
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

Attorneys for Plaintiffs
JEFFREY LAPAN, ASHWIN CHANDRA
and CLAUDIA BLEUS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAPAN, ASHWIN CHANDRA, CLAUDIA BLEUS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PVH CORP., TOMMY HILFIGER RETAIL, LLC, PVH RETAIL STORES, LLC, PVH WHOLESALE NEW JERSEY INC., PVH NECKWEAR INC., PVH WHOLESALE CORP., PVH PUERTO RICO, INC., CALVIN KLEIN, INC., TOMMY HILFIGER USA, INC., PVH GUAM, INC., WARNACO, INC., WARNACO U.S., INC., WARNACO GROUP, INC., AND WARNACO SWIMWEAR PRODUCTS, INC.<br><br>Defendants. | **Case No. 13-CV-05006-LHK**<br><br>**DECLARATION OF EDWARD J. WYNNE IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  January 21, 2016<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor<br>Hon. Lucy H. Koh |

I, Edward J. Wynne declare:

1. I am an attorney at law duly licensed to practice in all the courts of the State of California and am admitted to practice in this District Court. I am an attorney at Wynne Law Firm, attorneys of record for Plaintiffs herein.

### Adequacy of Counsel

2. I graduated with honors from the University of California at Berkeley in 1989. I graduated from the University of Santa Clara Law School in 1992. I am admitted to practice law before the following courts: United States Court of Appeals, Ninth Circuit, United States District Court for all Districts of California, and all of California's state courts.

3. My practice has been devoted to complex class action litigation for the past twenty-one years. Much of this litigation has involved class action prosecution of the wage and hour laws in both state and federal courts.

4. I have tried to judgment the only known misclassification class action in California at both the liability and damages phases which resulted in the published opinion *Duran et al. v. U.S. Bank, N.A*. (2014) 59 Cal.4th 1. The Supreme Court called it "an exceedingly rare beast." *Id.* at 12. While the judgment has been reversed and the case remanded to the trial court, the opinion is a watershed case that will stand with *Sav-on v. Superior Court* (2004) 34 Cal.4th 319 and *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004 as one of the pillars in wage and hour litigation because it holds that "[s]tatistical sampling may provide an appropriate means of proving *liability* and damages" in class action litigation (*id*. at 13), and found that defendants do "not have an unfettered right to present individualized evidence in support of a defense," let alone "a due process right to litigate an affirmative defense as to each individual class member." *Id.* at 34, 38. In addition, the opinion reaffirmed in the strongest sense California's public policy in favor of the class action device and employee protections, by, *inter alia*, citing with approval Justice Werdegar's concurring opinion in *Brinker*.

5. In 2012, I tried, along with co-counsel, a certified wage and hour class action that was in its fourth month of trial in San Diego County when it settled. The case - *Puchalski*

---

1
DECLARATION OF EDWARD J. WYNNE ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
13-CV-05006-LHK

*et al. v. Taco Bell Corp.* (San Diego County Superior Court Case GIC 870429) - was tried under California's executive exemption. The case was single phased for liability and damages with a planned second penalty phase. Plaintiffs completed their case-in-chief which consisted of putting on 28 class member witnesses, two expert witnesses, and a number of corporate witnesses. Defendant had completed approximately 5 of its own witnesses in its case when the parties reached a settlement for $20,000,000.

6. I was counsel in *Sav-on v. Superior Court* (2004) 34 Cal.4th 319, a certified class action of over 1,500 managers of Sav-on stores in California seeking earned and unpaid overtime compensation and derivative penalties under the California Labor Code. The California Supreme Court opinion affirmed the trial court's grant of class certification which had been reversed by the court of appeal in a published decision. The issue at the heart of the *Sav-on* opinion is of paramount importance to all California attorneys practicing in the area of wage and hour law because it focuses on the whether the predominance element of certification can be established in an action seeking overtime compensation. The issue has been, and continues to be, one of hot debate among practitioners in this field due to the "fact intensive inquiry" articulated in *Ramirez v. Yosemite Water Company* (1999) 20 Cal.4th 785 under California's quantitative standard. Should Wynne Law Firm and its co-counsel not have prevailed before the California Supreme Court, there is little doubt employees would have faced tremendous hurdles in recovering back wages in anything but single-plaintiff cases which puts the employee at a decided disadvantage to the employer. The *Sav-on* action settled for $47,500,000.

7. I have litigated or am in the process of litigation over 50 wage and hour class actions in both state and federal court on the issues of overtime compensation (*Albrecht v. Rite Aid Corp.*, San Diego County Superior Court, 729219), meal and rest breaks (*Winfrey v. Chief Auto Parts,* San Francisco County Superior Court, CGC 95-974016), vacation pay (*Leung v. Rite Aid Corp.*, Los Angeles County Superior Court, BC 214742*),* final payments at time of termination (*Nelson-Rupp v. The Gap*, Orange County Superior Court, 00CC12661), off-the-clock compensation (*Scura v. Shurgard,* USDC, N. Cal., 02-4506), and minimum wage

violations (*Iriarte v. Rubio Arts*, Los Angeles County Superior Court, BC340377), to name a few.  I have litigated or am litigating class actions under the executive exemption (*Aguardo v. Pizza Hut, Inc.*, San Francisco County Superior Court, 994947), the administrative exemption (*Burakoff et al.  v. USBancorp.* Los Angeles County Superior Court, BC341430), the outside sales exemption (*Duran v. US Bank*, Alameda County Superior Court, 2001-035537), the commissioned sales exemption (*Schmoekel v. VALIC*, USDC, C. Cal., 06-5282), the professional exemption (*Kress et al. v. PricewaterhouseCoopers LLP*, USDC E. Cal. 08-00965) and the exemption for drivers (*O'Donnell v. Starving Students*, Marin County Superior Court, CV 004930).

8. I have been recognized as one of California's "Top Labor and Employment Lawyers" by the *Daily Journal* in 2014.  I have been recognized by *Northern California Super Lawyers Magazine* in the area of Labor and Employment in 2012, 2013 and 2014.

9. I have invited to speak and write specifically on wage and hour issues before various forums including, the Labor and Employment Section of the California State Bar Association's 2004 Annual Meeting in Anaheim, California, the Los Angeles County Bar Association in Los Angeles, California, the Santa Clara County Bar Association in Santa Clara, California, Bridgeport's 2007, 2009, 2010 and 2012 Continuing Education Conferences in San Francisco, California, the *Employment Law Reporter* of the Labor and Employment Section of the California State Bar, the radio program "Your Legal Rights" of KALW, San Francisco, California, and Mealy's *Wage & Hour Litigation Teleconference*.

## Investigation and Recommendation of Counsel

10. Incorporated by reference herein is the Statement of Facts set forth in the Motion for Final Approval.

11. Prior to and subsequent to the filing of this action, I conducted an informal investigation by conducting interviews with my clients and other employees and reviewing documents provided by my clients and publically available documents regarding Defendants' policies and practices and, specifically, the Money Network Payroll Distribution Service (MN Payroll Service).

1       12.     I propounded and received discovery on all of Defendants' policies and procedures related to the MN Payroll Service including the contracts with Defendants' vendors and the communications to the Class both generally related to compensation and specifically related to the MN Payroll Service. I propounded interrogatories and document requests on Defendants. I propounded discovery on Defendants' vendors, i.e., ADP and First Data, about their contracts between the various vendors, an analysis of MN Payroll Service as compared to other payroll services, a detail of the charges incurred by the named plaintiffs, and a detail of the charges incurred by all Class Members nationwide. I took the deposition of Defendants' corporate representative on issues related to the MN Payroll Service. I also received informal discovery from Defendants both prior to and during the course of the mediation which allowed Plaintiffs to refine their calculations and estimates.

        13.     All of the Plaintiffs were employed by Defendants, all were enrolled in the MN Payroll Service, and all incurred fees as a result of their use of the MN Payroll Service. I am not aware of any conflicts of interests between the Plaintiffs and the absent class members.

        14.     Based on my investigation, the discovery exchanged, and the data received from Defendants in preparation for mediation an my analysis of the legal issues presented and the procedural posture of this case at the time of mediation, I had a clear understanding of the risks involved in further litigation and the amount the class would have recovered had they ultimately prevailed at trial.

        15.     Based on my education, experience and my evaluation of the risks involved compared to the likelihood of recovery in the context of the factual and procedural posture of this case, I concluded that an all-cash, non-reversionary settlement of $725,000 at this juncture is fair, reasonable and adequate and in the best interests of the class and I fully support this settlement.

        16.     I am not aware of any evidence to suggest that the settlement was reached in anything other than an arm's-length transaction and all facts point to vigorous advocacy on both sides.

### **Attorneys' Fees and Costs and Enhancements**

17. My office was retained pursuant to a contingency fee agreement, wherein we would be paid 25% of the common fund recovery in this case, if there was a recovery. My office had to forego other cases and financial opportunities in order to prosecute this case on behalf of the Class Members. My office's efforts to date have been without compensation of any kind, and the fee has been wholly contingent upon the result achieved. My office has expended over 389 hours prosecuting this matter thus far. I reasonably anticipate that we will have expend an additional 20 hours for such tasks as finalizing the motion for final approval, reviewing the report and analysis from the Settlement Administrator, preparing for and attending the motion for final approval, conferring with counsel, conferring with the named plaintiffs, responding to class member inquiries, managing any final distributions, communicating with the Claims Administrator, and generally ensuring that the Court's order with respect to distribution of the settlement is carried out to completion.

18. My current hourly rate is $750. In 2013, I was approved by the Judge George Hernandez, Jr. of the Alameda County Superior Court at the rate of $725 in the matter *Yamashiro v. Ewing Irrigation Products, Inc.* (Alameda County Superior Court Case RG11575582).

19. J.E.B. Pickett graduated from San Francisco State University in 1987 with Highest Honors with a degree in International Relations. Mr. Pickett graduated from the University of California, Hastings College of the Law in 1991.

20. His practice has been devoted to complex class action litigation for the past 10 years. Nearly all of this litigation has involved class action prosecution of the wage and hour laws in both state and federal courts. Mr. Pickett's current hourly rate is $650.

21. Heidi Hall is a graduate from the University of Oregon and is a certified paralegal. Mrs. Hall current hourly rate is $250.

22. My firm keeps contemporaneous track of its time on electronic timesheets. We record our time down to the tenth of an hour. I have exercised billing judgment by not including many tasks that happen on a frequent basis which do not get recorded such as telephone calls, emails, conferences between counsel and staff, communications with opposing

5
DECLARATION OF EDWARD J. WYNNE ISO MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
13-CV-05006-LHK

counsel, and communications with the client and class members. I estimate that up to 20% of my firm's recorded time was not captured due to the circumstances recorded above.

23. WYNNE LAW FIRM's lodestar in this case as of this writing is $293,752.50. The fees expended on this case were reasonably incurred for the successful prosecution. Should the Court require review of counsels' detailed and contemporaneous billing records, counsel will provide such records for the Court's review *in camera*. A summary of my firm's lodestar by biller is set forth below:

| WYNNE LAW FIRM LODESTAR SUMMARY | | | |
|---|---|---|---|
| | Hourly Rate | Total Hours | Total Fees |
| Edward J. Wynne | $750.00 | 368.15 | $276,112.50 |
| J.E.B. Pickett | $650.00 | 25.6 | $16,640.00 |
| Heidi Hall (Paralegal) | $250.00 | 4 | $1,000.00 |
| | | 397.75 | **$293,752.50** |

Thus, an award here of $181,250 is actually a "negative" multiplier. Class Counsel submits that this amount is appropriate given all of the circumstances in this action.

24. My firm's costs are $11,786.33. This amount includes $97.45 in projected costs related to the hearing on the motion for final approval. All costs expended were reasonable and necessary for the prosecution of this case. A summary of my firm's costs incurred thus far by category is set forth below:

| Account | Current Costs | Future Costs |
|---|---|---|
| Copies | $14.80 | $7.50 |
| Court Reporter Transcripts | $298.80 | |
| Courtcall | $44.00 | |
| Depositions | $1,117.85 | |
| Filing Fee | $400.00 | |
| Legal Research | $1,936.67 | |
| Mediation Fees | $3,200.00 | |
| Postage\Courier | $886.61 | $14.95 |
| Printing\Ref Materials | $19.00 | |

| | | |
|---|---:|---:|
| Process Serving | $2,002.63 | |
| Research | $194.48 | |
| Travel\Meals\Auto | $1,574.04 | $75.00 |
| | **$11,688.88** | **$97.45**   **$11,786.33** |

25.     I am willing to provide an *in camera* submission detailing each of the individual expense items incurred over the course of the litigation, should the Court wish to confirm the nature and appropriateness of the charges.

26.     The named Plaintiffs took significant financial risks by filing these actions. Also, the named Plaintiffs are giving up significant rights that other Class Members are not giving up.  For example, Defendant required that the named Plaintiffs sign a General Release rather than the limited release appreciated to the other Class Members.  Further, the named Plaintiffs have invested time and effort in these cases in order to confer substantial economic benefits for their co-workers and were helpful to Class Counsel throughout all stages of this case, including pre-filing investigation, discovery, and the settlement process.  The named Plaintiffs provided Class Counsel with records that revealed the Defendant's alleged wrongdoing.  Class Counsel had conferences with the Class Representatives prior to filing and throughout these actions. The Representatives were helpful to Class Counsel in understanding Defendants' policies and procedures.  The Class Representatives contacted witnesses and provided names of witnesses for class Counsel to contact.  The fact that a favorable award for a large class has been obtained is due in large part to the commitment of the named Plaintiffs over the course of this litigation.

27.     The proposed incentive awards are very modest compared to the aggregate value of the settlement compensation being conferred to the putative class as a whole.  In fact, each of the incentive awards being requested are 0.003% of the entire settlement.  Class Counsel submits that the incentive awards requested are less than what is commonly awarded in cases such as these.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 17th day of December, 2015, at Greenbrae,

1  California.

3           /s/Edward J. Wynne
            Edward J. Wynne