UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LAPAN, et al., <br><br>  Plaintiffs, <br><br>  v. <br><br> PVH CORP, et al., <br><br>  Defendants. | Case No. 13-CV-05006-LHK <br><br> **JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Re: Dkt. No. 98 |

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement. ECF No. 98 ("Mot. for Final Approval").

WHEREAS, a class action is pending before the Court in *Lapan vs. PVH Corp.*, No. 13-CV-05006-LHK;

WHEREAS, the Court has received and reviewed the Joint Stipulation of Class Action Settlement and Release entered into between Representative Plaintiffs Jeffrey Lapan, Ashwin Chandra, and Claudia Bleus, on the one hand, and Defendants PVH Corporation; Tommy Hilfiger Retail, LLC; PVH Retail Stores, LLC; PVH Wholesale New Jersey Inc.; PVH Neckwear Inc.; PVH Wholesale Corp.; PVH Puerto Rico, Inc.; Calvin Klein, Inc.; Tommy Hilfiger USA, Inc.; PVH Guam, Inc.; Warnaco, Inc.; Warnaco U.S., Inc.; Warnaco Group, Inc.; and Warnaco

Swimwear Products, Inc. (collectively, "Defendants"), on the other hand, dated on or about March 25, 2015 (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein;

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on August 7, 2015, this Court entered an order preliminarily approving the Settlement Agreement, conditionally certifying classes under Rule 23 of the Federal Rules of Civil Procedure and under the Fair Labor Standards Act, 29 U.S.C. § 216(b), approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court as being fair, adequate, and reasonable, ECF No. 93 ("Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class members be given notice of the Settlement Agreement and of the date for the final fairness hearing;

WHEREAS, the Court has received the declaration of the Claims Administrator attesting to the mailing of the Notice in accordance with the Preliminary Approval Order;

WHEREAS, no objections have been made to the Motion for Final Approval; and

WHEREAS, the Court having conducted a final fairness hearing on January 21, 2016 (the "Fairness Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class members, and Defendants.

2. In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the requirements of due process, all Settlement Class members have been given proper and adequate notice of the Settlement.  Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court finds that the Notice and notice methodology

implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and any other applicable law.

3. The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Fair Labor Standards Act, 29 U.S.C. § 216(b), because it is fair, adequate, and reasonable to those it affects, and resulted from contested litigation, substantial discovery, motion practice, and arm's length negotiations between the parties, and is in the public interest considering the following factors:

(a) the strength of Plaintiffs' case;

(b) the risk, expense, complexity, and likely duration of further litigation;

(c) the risk of maintaining class action status throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed;

(f) the experience and views of counsel; and

(g) the reaction of the class members to the proposed settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

4. The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, and adequate for the Settlement Class members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The Court APPROVES payment of the Class Settlement Amount in accordance with the terms of the Settlement Agreement.

6. The Court APPROVES payment of Class Representative Awards to Jeffrey Lapan in the amount of $2,500.00, Ashwin Chandra in the amount of $2,500.00, and Claudia Bleus in the amount of $2,500.00, in accordance with the terms of the Settlement Agreement.

7.     The Court APPROVES payment of Attorney's Fees in the amount of $181,250.00 and Costs in the amount of $11,786.33 to Class Counsel in accordance with the terms of the Settlement Agreement.

8.     The Court APPROVES payment of fees by Defendants to the Claims Administrator in the amount of $133,565.00, in accordance with the terms of the Settlement Agreement.

9.     The Court APPROVES payment of $3,750.00 to the California Labor Workforce & Development Agency ("LWDA") as required under California law for settlement of the Private Attorney General Act penalties;

10.     The allocation plan is hereby APPROVED as being fair, adequate, and reasonable. The Class Settlement Amount, Class Representative Awards, Claims Administrator fees, payment to the LWDA, and Attorney's Fees and Costs shall be distributed in accordance with the terms of the Settlement Agreement and any further orders of this Court.

11.     In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Settlement Class members who have not validly excluded himself/herself from this Settlement shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all claims against Defendants in accordance with the terms of the Settlement Agreement and as the released claims are defined in the Settlement.

12.     This Judgment is the Final Judgment in the suit as to all Settlement Class members who have not excluded himself/herself from this Settlement.

13.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over: (a) implementation of the Settlement Agreement and its terms; (b) distribution of the Class Settlement Amount, the Class Representative Awards, Claims Administrator fees, LWDA payment, and Attorney's Fees and Costs; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement, and the administration of claims by Settlement Class members.

14.     In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of

Plaintiffs, Class Members, and Defendants.

15. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

Dated: January 21, 2016

_____
LUCY H. KOH
United States District Judge